1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| MASALA JAMES, | CASE No. 1:12-cv-01704-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| D. SWEENY, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

12
13
14
15
16
17
18
19

**FIRST SCREENING ORDER**

20

**I.    PROCEDURAL HISTORY**

21
22

Plaintiff Masala James is a state prisoner proceeding in pro se and in forma

23

pauperis in this civil rights action filed October 17, 2012 pursuant to 42 U.S.C. § 1983.

24

(Compl., ECF No. 1.) Plaintiff has declined to extend Magistrate Judge jurisdiction for all

25

purposes and proceedings. (Decline Magistrate, ECF No. 5.) Plaintiff's Complaint is now

26

before the Court for screening.

27

-1-

## II.   <u>SCREENING REQUIREMENT</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

## III.   <u>SUMMARY OF COMPLAINT</u>

Plaintiff is a self-styled jailhouse lawyer who at times relevant was incarcerated at Pleasant Valley State Prison ("PVSP") and employed as an prison ADA Care giver. He complains that PVSP corrections staff retaliated against him for the many grievances and complaints he filed on behalf of himself and others, attempted to incite inmate violence against him, and were indifferent to a resulting serious risk to his well-being.

He alleges that such actions and inaction violated rights guaranteed him under the First and Eighth Amendments.

More specifically, Plaintiff alleges as follows:

Defendant correctional officers Sweeny and Harding, who supervised Plaintiff in his prison employment as ADA Care giver, harassed and incited him with "racist, disrespectful, and provocative" conduct in violation of Title 15 regulations requiring courtesy and professionalism,[1] and violated unspecified provisions of the California Labor Code relating to job discrimination, performance, evaluation and record keeping, (Compl. at 7-8 ¶¶ 17-19, 10 ¶ 24), whereupon Plaintiff filed various inmate grievances, and complaints to the Fresno Grand Jury. (Id.)

Defendant appeals coordinators Morgan, Foreman and Jimenez conspired with Sweeny and Hardin in a retaliatory "code of silence", improperly rejecting Plaintiff's grievances, "undermining reporting requirements" without any legitimate correctional goal (id. at 8-9 ¶ 20-22), impeding "access to the courts", and attempting to incite other inmates to pressure and threaten Plaintiff to get him to stop filing grievances for himself and others placing Plaintiff in imminent harm. (Id. at 11-12 ¶ 27.)

Defendants and other "agents/employees of the administration" named as Does

---

[1] Plaintiff cites to Cal. Code Regs. tit. 15 § 3004(b), which provides "Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence"; and Cal. Code Regs. tit. 15 § 3391(a) which provides "Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees."

1-12 have a "pattern and practice of retaliation" against those who file prison grievances. (Id. at 11 ¶ 26.)

Defendants' conspiracy of retaliation is "with the overt intent, to sadistically and maliciously cause serious and/or fatal harm to [P]laintiff, in violation [of the] deliberate indifference /imminent danger standard of the Eighth Amendment . . . ." (Id. at 12-13 ¶ 31.)

Plaintiff names as Defendants (1) D. Sweeny, Correctional Officer, (2) J. Hardin, Correctional Officer, (3) J. Morgan, Appeals Coordinator, (4) D. Foreman, Appeals Coordinator, (5) J. Jimenez, Appeals Coordinator, (6) L. Harton, Appeals Coordinator, and (7) Does 1-12.[2] (Id. at 2-3 § III and 5 § IV.)

Plaintiff seeks (1) declaratory relief, (id. at 13 ¶ 33), (2) injunctive relief "ordering Defendants D. Sweeny, J. Hardin, J. Morgan, D. Foreman, J. Jimenez, L. Harton, and Does 1-12, their agents, employees, and all persons acting in concert with them from subjecting [P]laintiff to the unconstitutional and unlawful acts, omission, policies, and conditions described above; and to refrain from conspiring to deprive [P]laintiff of his First Amendment right . . . and his Eighth Amendment right . . . ." (id. at 13 ¶ 34), and (3) monetary compensation. (Id. at 13 ¶ 35.)

**IV.    ANALYSIS**

    **A.    Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

---

[2] Defendants Terri McDonald, Director of the California Department of Corrections and Rehabilitation ("CDCR"), and P.D. Brazelton, PVSP Warden, are referred to in the Complaint but not properly listed therein as Defendants. (Compl. at 2, 5.)

that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Every pleading must be signed personally by an unrepresented party. Fed. R. Civ. P. 11(a).

If Plaintiff chooses to amend, any amended pleading should be complete within itself, without reference to or attachment of another pleading. Local Rule 220. Any amended pleading must be signed personally by Plaintiff.

## B. Unnamed Defendants and Doe Defendants

Plaintiff lists, but fails to name as defendants McDonald, CDCR Director, and P.D. Brazelton, PVSP Warden.

Plaintiff may not bring suit against unnamed defendants. Fed. R. Civ. P. 8(a).

1
2
3
4
5
6
7
8
9
10

As to Doe Defendants, it is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. "[A]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010). The burden is on Plaintiff to promptly discover the full names of Doe defendants. Robinett, 2010 WL 2867696 at *4.

11
12
13
14
15
16
17

In any amended pleading, Plaintiff must identify the individual(s) against whom he seeks relief, or name Doe defendant(s) pending discovery of the individual name(s), and allege facts sufficient to support a finding that each named defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

18

## C.   **Personal Participation**

19
20
21
22
23
24
25
26
27

To state a claim under § 1983, a plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49. Defendants can not be held liable under § 1983 solely because of

-6-

their supervisory capacity.

Plaintiff fails to alleges facts linking the purported defendants, Director McDonald and Warden Brazelton, to the alleged events.

In any amended pleading, Plaintiff must allege facts sufficient to support a finding that each Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

**D    First Amendment Retaliation**

Plaintiff alleges Defendants retaliated against him for exercising his rights under the First Amendment.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct,[3] and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and that defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory

---

[3] Accessing the court for civil rights purposes, and filing prison grievances are activities protected by the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

1  intent. See Pratt, 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316

2  (9th Cir. 1989). "To prevail on a retaliation claim, a prisoner must show that the

3  challenged action did not reasonably advance a legitimate correctional goal." Brodheim

4  v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), citing Rhodes, 408 F.3d at 568.

5      A plaintiff must show that his protected conduct was a " 'substantial' or

6  'motivating' factor behind the defendant's conduct." Id., quoting Sorrano's Gasco, Inc.,

7  874 F.2d at 1314. Although it can be difficult to establish the motive or intent of the

8  defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283,

9  1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding

10  prison officials' retaliatory motives by raising issues of suspect timing, evidence, and

11  statements.)

12

13     A plaintiff must also show defendant's actions would be sufficient to chill or

14  silence a person of ordinary firmness from future First Amendment activities, Rhodes,

15  408 F.3d at 568–69), citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283,

16  1300 (9th Cir. 1999), and did not advance legitimate goals of the correctional institution

17  or was not tailored narrowly enough to achieve such goals. Rizzo, 778 F.2d at 532.

18     Plaintiff alleged facts do not show that any of the Defendants threatened or took

19  adverse and harmful action,  without a legitimate penological purpose, in retaliation for

20  Plaintiff's exercise of constitutional rights.

21     Plaintiff complains of harassment, disrespect, provocative conduct, denial of

22  access to court, and attempts to incite prisoners against him.  Plaintiff may believe such

23  allegations to be true, but his beliefs or conclusions alone are not enough to create a

-8-

1
2

cognizable claim.. He must present the facts upon which his beliefs are based and do so in sufficient detail to enable the Court to find a plausible connection.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

Here the nature and extent of any harassment, disrespect and provocative conduct or threat thereof is uncertain. Harassment alone generally is not actionable under § 1983. "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979). Furthermore, even an adequately alleged violation of prison regulations does not give rise to a redressable § 1983 claim. The Court is unaware of any authority giving rise to a private right of action for violation of Title 15 regulations. See e.g., Gonzaga University v. Doe, 536 U.S. 273, 283-86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Parra v. Hernandez, 2009 WL 3818376 at *8 (S.D. Cal. Nov. 13, 2009); Davis v. Kissinger, 2009 WL 256574 at *12 n.4 (E.D. Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

18
19
20
21
22
23
24
25
26
27

Plaintiff alleges rejection of his prison appeals and complaints and denial of access to the court without setting forth the facts upon which he relies in making such claims. It is unclear what appeal or complaint was rejected, whether it was Plaintiff's own grievance or a grievance  made on behalf of another, the reason given for its rejection, and enough facts underlying the claim for the Court to evaluate whether it was a potentially meritorious claim. Plaintiff similarly fails to explain how, if at all, he has been

denied access to court.[4]

Plaintiff alleges unspecified interference with, and false reporting, as to his prison job, but likewise only in conclusory terms and without alleging surrounding facts sufficiently for the Court to analyze the claim under the above standards.

Plaintiff draws an inference other inmates are being incited against him but again provides no facts sufficient to enable the Court to analyze adverse action and constitutional harm to Plaintiff. Some allegations actually suggest the contrary. For example, Plaintiff's alleges that on September 17, 2012 Defendants Sweeny and Hardin searched the cells of other inmates, confiscated property, and then attributed the search to Plaintiff's protected activity. Such a claim lacks context and leaves the Court unable to analyze whether the search was because of Plaintiff's protected conduct or for some legitimate penologic purpose.

Plaintiff's states there is a "pattern or practice of retaliation" at PVSK. But such a statement is apparently based upon mere surmise and conjecture.

The Court will allow leave to amend. In any amended pleading, Plaintiff must supply the missing facts alluded to above and ensure they are such as to satisfy the essential elements, set forth above, as to state a valid claim as to each named Defendant.

---

[4] Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986).

**E.    Eighth Amendment Failure to Protect**

Plaintiff alleges that Defendants' conspiracy of retaliation, including manipulating other inmates "to attempt to get [them] to attack [P]laintiff" constitutes "deliberate indifference/imminent danger" under the Eighth Amendment. (Compl. at 10 ¶¶ 24, 31.)

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from

-11-

1
2
3

which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

4
5
6
7
8

Plaintiff has failed to state an Eighth Amendment claim. He fails to allege facts showing he faces a substantial risk of serious harm. It is unclear whether Plaintiff's fellow inmates have been incited against him and if so, when, how and why, and what substantial risk of harm was presented thereby.

9
10

In the absence of any alleged substantial risk of harm, Plaintiff can not allege Defendants' intentional indifference thereto.

11
12

The Court will allow leave to amend. In any amended pleading, Plaintiff must allege all the above elements as to each named Defendant.

13
14

**F.      Conspiracy**

15

Plaintiff alleges Defendants conspired to retaliate against him as stated above.

16
17
18
19
20
21
22
23
24
25

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 151–52 (2d Cir. 1987).

26
27

There are no facts pled to support a cognizable claim for conspiracy to violate

1
2
3
4

Plaintiff's constitutional rights. Plaintiff's bare allegation that Defendants conspired to commit various violations is devoid of any suggestion of facts which might conceivably support it. Plaintiff's First and Eighth Amendment claims are deficient for the reasons stated above, and can not serve as predicate to a conspiracy claim.

5
6
7

Plaintiff will be given leave to amend this claim. In any amended pleading he must set forth allegations of fact which would support the claim of conspiracy.

8

### G.    Injunctive Relief

9
10
11

Plaintiff seeks injunctive relief that named Defendants and those acting in concert with them refrain from the foregoing unconstitutional conduct, and from conspiring to deprive Plaintiff of his First and Eighth Amendment rights.

12
13
14
15
16
17
18

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008).

19
20
21
22
23
24

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act of 1995 ("PLRA") requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

25
26

Plaintiff is no longer in the custody of Defendants,[5] such that injunctive relief is

27

[5] The Court takes notice of Plaintiff's Notice of Change of Address, ECF No. 11.

moot unless, as is not the case here, there is an expectation that Plaintiff will be returned to their custody. <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402–03 (1975); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991); <u>see also</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review,' ". <u>Preiser</u>, 422 U.S. 395 at 403, quoting <u>Southern Pacific Terminal Co. v. ICC</u>, 219 U.S. 498, 515 (1911).

Plaintiff has not demonstrated that he will succeed on the merits of his First and Eighth Amendment claims for the reasons stated above.

Nothing in his pleading suggests real and immediate threat of injury. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101–02 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Nothing before the Court suggests Plaintiff is under any real and immediate threat of injury, or that the balancing of equities and public interest weighs in his favor.

Plaintiff's allegations do not support an entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing injunctive relief is not moot, as well as the above noted elements.

### H.    Exhaustion of Administrative Remedies

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies

1
2
3
4
5
6

is required regardless of the relief sought by the prisoner. <u>Booth v. Churner</u>, 532 U.S.

731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the

administrative review process in accordance with the applicable rules, including

deadlines, as a precondition to bringing suit in federal court." <u>Ngo v. Woodford</u>, 539 F.3d

1108, 1109 (9th Cir. 2008), quoting <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006).

7
8
9

    If Plaintiff chooses to amend, he should allege facts showing he exhausted each

level of prison appeal as to all named Defendants or that he was excepted from such

exhaustion requirements.[6]

10   **V.    CONCLUSION AND ORDER**

11
12
13
14

    Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will

grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d

1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

15
16
17
18
19
20
21

    If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set

forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at

1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each

named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d

at 934.

22
23
24

    Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

25
26
27

    [6] <u>See e.g.</u>, <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has
been recognized where a prison official renders administrative remedies effectively unavailable.)

curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed October 17, 2012,

2.   Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3.   Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim

/////

/////

-16-

and failure to prosecute, subject to the "three strikes" provision set forth in

28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: _____December 26, 2012_____      /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE