1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11  MASALA JAMES,                           CASE No. 1:12-cv-01704-LJO-MJS (PC)

12                                          FINDINGS AND RECOMMENDATION
                        Plaintiff,          DENYING PLAINTIFF'S MOTIONS FOR
13                                          TEMPORARY RETRAINING ORDER AND
                                            FOR PRELIMINARY INJUNCTION
        v.
14
                                            (ECF Nos. 4, 10)
15
    D. SWEENY, et al.,                      FOURTEEN (14) DAY DEADLINE
16
17                      Defendants.

18  _____/

19
20
21  I.    **PROCEDURAL HISTORY**

22          Plaintiff Masala James is a state prisoner proceeding in pro se and in forma

23  pauperis in this civil rights action filed October 17, 2012 pursuant to 42 U.S.C. § 1983.

24  (Compl., ECF No. 1.) Plaintiff declined to extend magistrate judge jurisdiction to all

25  matters and for all purposes in this case. (Decline Magistrate, ECF No. 5.)

26
27

-1-

The Court dismissed Plaintiff's Complaint on December 27, 2012, for failure to state a claim, but gave leave to file an amended complaint. (Order Dismiss. Compl., ECF No. 13.)

On October 24, 2012, Plaintiff filed a motion for temporary restraining order (Mot. for TRO, ECF No. 4) seeking interim relief from alleged retaliation during his former incarceration at Pleasant Valley State Prison ("PVSP"). He asks that (1) Defendants Sweeny and Hardin be immediately removed from their posts at PVSP, (2) he not be transferred out-of-state via COCF[1] and that such transfer, if effected, be rescinded, and (3) PVSP officials refrain from retaliating against him for his exercise of fundamental constitutional rights. (Mot. for TRO at 4.)

On November 26, 2012, Plaintiff filed an essentially duplicative motion for preliminary injunction. (Mot. for Prelim. Inj., ECF No. 10.) He asks that (1) PVSP be prohibited from transferring him out-of-state without his consent, (2) he be transferred back to California, to "SOL-III, and/or CMF-III, which is closer to [his] family", (3) his Complaint be promptly screened and served by the U.S. Marshal, and (4) the Court issue a declaratory judgment against Defendants on the Complaint. (Mot. for Prelim. Inj. at 4-5.)

The motions for temporary retraining order and preliminary injunction are now before the Court.

///////

---

[1] The Court notes that California Out of State Correctional Facilities, or "COCF", is a unit within the California Department of Corrections and Rehabilitations - Division of Adult Institutions whose mission is to transfer inmates out of state for the purpose of alleviating overcrowding within existing institutions.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## II.   **ARGUMENT**

Plaintiff asserts that any COCF transfer is in furtherance of a pattern and practice of retaliation for his protected First Amendment activities (Mot. for TRO at ¶ 3-6; Mot. for Prelim. Inj. at ¶ 1), is unsupported by legitimate penologic purpose (Mot. for TRO at ¶ 5), and is unlawful because he did not consent in writing to the transfer as required by Interstate Corrections Compact ("ICC"), California Penal Code § 11191(a).[2] (Aff. in Supp. TRO at ¶ 4.)

Plaintiff requested and was seen by a PVSP appointed attorney regarding the COCF transfer. The attorney advised him "you are going out of state, and there's nothing you or me can do about it."[3] (Id. at ¶ 3.)

Plaintiff claims that upon transfer his property, including legal papers, will be deliberately lost or destroyed (Id. at ¶ 8) and he will suffer "imminent danger and/or death, kidnaping . . . or other deliberate, intentional, and wreckless acts of correctional officials . . . at PVSP." (Id. at ¶ 10.)

///////

---

[2] Cal. Pen. Code § 11191(a) provides: "Any court or other agency or officer of this state having power to commit or transfer an inmate (as defined in Article II (d) of the Interstate Corrections Compact or of the Western Interstate Corrections Compact) to any institution for confinement may commit or transfer that inmate to any institution within or without this state if this state has entered into a contract or contracts for the confinement of inmates in that institution pursuant to Article III of the Interstate Corrections Compact or of the Western Interstate Corrections Compact, but no inmate sentenced under California law may be committed or transferred to an institution outside of this state, unless he or she has executed a written consent to the transfer. The inmate shall have the right to a private consultation with an attorney of his choice, or with a public defender if the inmate cannot afford counsel, concerning his rights and obligations under this section, and shall be informed of those rights prior to executing the written consent. At any time more than five years after the transfer, the inmate shall be entitled to revoke his consent and to transfer to an institution in this state. In such cases, the transfer shall occur within the next 30 days."

[3] It appears California's COCF program allows an inmate to consult with an attorney prior to voluntary or involuntary transfer. Cal. Code Regs. tit. 15, § 3379(a)(9)(C).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

III.     **LEGAL STANDARD**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at  22.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1998).

Requests for prospective injunctive relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the

1  violation of the Federal right."

2  **IV.    ANALYSIS**

3
4      **A.    No Relief Against Non-Party**

5          Plaintiff seeks injunctive relief against unnamed "PVSP officials." He may not
6  request injunctive relief against non-parties. Plaintiff can not seek relief against a party
7  not named in his pleading. Fed. R. Civ. P. 8(a). Generalized injunctive relief against
8  unidentified California Department of Corrections and Rehabilitation ("CDCR") staff is
9  not permissible. The PLRA states that:

10         [T]he court shall not grant or approve any prospective relief unless the court finds
11         that such relief is narrowly drawn, extends no further than necessary to correct
12         the violation of the Federal right, and is the least intrusive means necessary to
13         correct the violation of the Federal right. The court shall give substantial weight to
14         any adverse impact on public safety or the operation of a criminal justice system
15         caused by the relief.

16
17  18 U.S.C. § 3626(a)(1)(A). Similar requirements apply with respect to temporary
18  restraining orders and preliminary injunctive relief. See 18 U.S.C. § 3626(a)(2).

19
20      **B.    Plaintiff Has not Shown Likely Success on the Merits**

21         Plaintiff has failed at this early stage of the litigation to allege facts demonstrating
22  a likelihood of success on the merits.

23              1.    Case or Controversy

24         Plaintiff's underlying Complaint, similar to the instant motions, alleges a pattern
25  and practice of retaliation for exercise of First Amendment rights leaving Plaintiff in
26
27

1   imminent danger of harm and seeks to have Defendants enjoined from such conduct.

2       Plaintiff's Complaint, including the prayer for injunctive relief therein, has been

3   dismissed for failure to state a claim. (Order Dismiss. Compl. at § V.) Plaintiff, having not

4   pled a cognizable federal claim, has no case or controversy pending before the Court.

5   See Valley Forge Christian Coll., 454 U.S. at 471. Absent an actual case or controversy

6   before it, the Court has no power to address motions for injunctive relief.

7

8       Even if the court had power to consider the request for interim relief, the facts

9   alleged would not warrant granting it.

10              2.    Retaliation

11      Plaintiff fails to demonstrate any likelihood of success on his claim of First

12  Amendment retaliation against the named Defendants. "Within the prison context, a

13  viable claim of First Amendment retaliation entails five basic elements: (1) an assertion

14  that a state actor took some adverse action against an inmate (2) because of (3) that

15  inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his

16  First Amendment rights, and (5) the action did not reasonably advance a legitimate

17  correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

18

19      To establish a prima facie case, plaintiff must allege and show that defendants

20  acted to retaliate for his exercise of a protected activity, and that defendants' actions did

21  not serve a legitimate penologic purpose. See Barnett v. Centoni, 31 F.3d 813, 816

22  (9th Cir. 1994); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). His protected

23  conduct must be a " 'substantial' or 'motivating' factor behind the defendant's conduct."

24  Id., quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

25

26      A plaintiff must show defendant's actions would be sufficient to chill or silence a

27

-6-

person of ordinary firmness from future First Amendment activities, Rhodes, 408 F.3d at 568–69), citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999), and did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

The allegations in Plaintiff's instant motions, like those in his Complaint, do not show that any of the Defendants threatened or took adverse and harmful action, without a legitimate penologic purpose, in retaliation for exercise of Plaintiff's constitutional rights. Plaintiff offers conjecture and surmise in support of his claims. He provides no description of the protected activities allegedly retaliated against, when they were engaged in;[4] Defendants' awareness of them, or the adverse action taken in retaliation and without penologic purpose.

3.    COCF Transfer

Plaintiff complains for the first time of involuntary COCF transfer in retaliation for his First Amendment activities. Prison officials may not "transfer an inmate to another prison in retaliation for the inmate's exercise of his First Amendment rights . . . ." Pratt, 65 F.3d at 806.

However, any such retaliatory transfer claim fails here because, as noted, predicate facts of retaliation are absent. Additionally, Plaintiff has no constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility

---

[4] Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's Gasco, Inc., 874 F.2d at 1316.

1   to another. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983); <u>Meachum v. Fano</u>, 427 U.S.

2   215, 224–25 (1976). "[A]n interstate prison transfer . . . does not deprive an inmate of

3   any liberty interest protected by the Due Process Clause in and of itself." <u>Olim</u>, 461 U.S.

4   at 248. Further, because confinement in another state is "within the normal limits or

5   range of custody which the conviction has authorized the State to impose," <u>id.</u> at 247,

6   California law authorizing interstate COCF transfer of inmates to alleviate overcrowding

7   does not create an "atypical and significant hardship" implicating an inmate's liberty

8   interest under the Due Process Clause. <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).

9       It appears the COCF program allows for wholly involuntary transfer, apart from

10  any consent requirement attendant to a non-COCF transfer pursuant to ICC.[5]  "Every

11  male inmate is potentially eligible for a COCF transfer . . . voluntarily or involuntarily."[6]

12  Inmates transferred to a COCF program facility "remain under the legal custody of the

13  CDCR and shall be subject to the rules, rights and privileges of the CDCR in accordance

14  with [Title 15] of the California Code of Regulations."[7]

15      In any event, even an ICC transfer does not create inmate rights enforceable in a

16  § 1983 action. <u>See</u> <u>Ghana v. Pearce</u>, 159 F.3d 1206, 1208-09 (9th Cir. 1998) (prison

17  officials' alleged violation of ICC not a basis for § 1983 action, ICC is not federal law and

18  does not create liberty interest protected under due process clause); <u>accord</u> <u>Garcia v.</u>

[5] Cal. Code Regs. tit. 15, § 3379(a).

[6] Cal. Code Regs. tit. 15, § 3379(a)(9).

[7] Cal. Code Regs. tit. 15, § 3379(a)(9)(I).

Schwarzenegger, 327 Fed.Appx. 689, 691 (9th Cir. 2009) (alleged violation of [Western]

ICC could not provide a basis for state prisoner's § 1983 action.)

Plaintiff's fails to present legal or factual argument showing a case or controversy

relating to First Amendment retaliation and alleged COCF program transfer invalidity,

enforceable under § 1983.

### C.    Plaintiff Establishes No Irreparable Harm

Plaintiff has failed to demonstrate irreparable harm. See City of Los Angeles, 461

U.S. at 101–102 (plaintiff must show "real and immediate" threat of injury, and "past

exposure to illegal conduct does not in itself show a present case or controversy

regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse

effects.")

Plaintiff claims that upon any transfer, his property including his legal papers will

be deliberately lost or destroyed (id. at ¶ 8) and he will suffer "imminent danger and/or

death, kidnaping . . . or other deliberate, intentional, and wreckless acts of correctional

officials . . . at PVSP." There is no factual or legal support for such anticipated harm.

Moreover, Plaintiff is no longer in the custody of Defendants.[8] Thus injunctive

relief against them would be futile absent an expectation that Plaintiff will be returned to

their custody. Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948

F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5

(9th Cir. 2007). The harm alleged here does not "fall within that category of harm

'capable of repetition, yet evading review'." Preiser, 422 U.S. 395 at 403, quoting

---

[8] The Court takes notice of Plaintiff's Notice of Change of Address, ECF No. 11.

1  Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911).

2       The Court can not enjoin an act that has already occurred. The COCF transfer

3  has taken place.

4       **D      Balance of Equities and Public Interest Not in Plaintiff's Favor**

5

6       The absence of a showing of likelihood of success on the merits, and of

7  irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor, or

8  suggest that an injunction would be in the public interest.

9       In any event, absent the existence of exceptional circumstances not present here,

10  the Court will not intervene in the day-to-day management of prisons. See e.g., Overton

11  v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference);

12

13  Sandin, 515 U.S. at 482-83 (disapproving the involvement of federal courts in the day-to-

14  day-management of prisons.)

15       Accordingly, the Court has no jurisdiction to award, and Plaintiff is not entitled to

16  injunctive relief.

17  **V.     CONCLUSIONS AND RECOMMENDATION**

18

19       Plaintiff fails to provide facts which would enable the Court to find that he is in

20  need of, and entitled to injunctive relief.

21       Accordingly, for the reasons stated above the Court RECOMMENDS that

22  Plaintiff's motions for temporary retraining order and preliminary injunction (ECF Nos. 4,

23  10) be DENIED without prejudice. These findings and recommendation are submitted to

24  the United States District Judge assigned to the case, pursuant to the provisions of Title

25  28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings

26

27  and recommendation, any party may file written objections with the Court and serve a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    January 8, 2013             /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

-11-