# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASALA JAMES, | CASE No. 1:12-cv-01704-LJO-MJS |
| Plaintiff, | ORDER (1) ADOPTING FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RETRAINING ORDER AND FOR PRELIMINARY INJUNCTION (2) DENYING REQUEST FOR RECUSAL |
| v. | |
| D. SWEENY, et al., | (ECF Nos. 15, 20) |
| Defendants. | CASE TO REMAIN OPEN |

Plaintiff Masala James, a state prisoner proceeding in pro se and in forma pauperis, filed this civil rights action on October 17, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On January 9, 2013, Findings and Recommendation were filed in which the Magistrate Judge recommended that Plaintiff's Motions for Temporary Restraining Order and for Preliminary Injunction (ECF Nos. 4, 10), be DENIED by the District Judge. (ECF No. 15.) The parties were notified that objection, if any, was due within fourteen days. (Id.) Plaintiff requested and was granted an extension of time through March 3, 2013, to file objections to the Findings and Recommendation. (ECF No. 17.)

On February 25, 2013, Plaintiff filed Objections to the Findings and Recommendation. (ECF No. 20.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis.

Plaintiff objects on grounds (1) the Magistrate Judge lacks jurisdiction to issue the Findings and Recommendation because Plaintiff previously declined to extend Magistrate Judge jurisdiction to all proceedings and for all purposes (ECF No. 5), (2) the Findings and Recommendation present the inference the Magistrate Judge lacks impartiality and thus abused his discretion, and (3) the assigned District Judge should be recused for condoning the Magistrate's issuance of Findings and Recommendation in excess of his jurisdiction.

Plaintiff's objection on grounds the Magistrate Judge lacks jurisdiction to file the Findings and Recommendation lacks merit. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302. Thereunder the Magistrate Judge is designated conduct hearings, including evidentiary hearings, and to

-2-

submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion including a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). Plaintiff's decision to decline Magistrate Judge jurisdiction has no effect on the referral of the case to the Magistrate Judge, made pursuant to section 636 and Local Rule 72-302, for non-dispositive matters and for the issuance of findings and recommendations on dispositive motions.

Plaintiff's further objection on grounds the Magistrate Judge is not impartial, and request for recusal of the undersigned, based upon rulings in this action likewise lacks merit. A judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455; Liteky v. United States, 510 U.S. 540, 555 (1994). The substantive standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997).

The alleged bias must stem from an "extrajudicial source." Liteky, 510 U.S. at 544-56. Normally, rulings by a court during the course of a case can not be extra-judicial conduct. Hasbrouck v. Texaco, Inc., 842 F. 2d 1034, 1045-46 (9th Cir. 1987); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F. 2d 1538, 1548 (9th Cir. 1988). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008). However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not

grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. Liteky, 510 U.S. at 555-56; Pesnell, 543 F.3d at 1044. Judicial rulings may support a motion for recusal only "in the rarest of circumstances." Liteky, 510 U.S. at 555.

Plaintiff proffers no extra-judicial facts supporting a lack of impartiality and recusal. Plaintiff also has not alleged facts of deep-seated favoritism as to make fair judgment impossible. Pesnell, 543 F.3d at 1044.

Plaintiff's Objections lack merit and fail to raise any material issue of law or fact under the Findings and Recommendation.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court adopts the Findings and Recommendation filed January 9, 2013 that Plaintiff's Motions for Temporary Restraining Order and for Preliminary Injunction be DENIED (ECF No. 15), in full;

2. Plaintiff's Request for Recusal (ECF No. 20) is DENIED; and

3. The Court Clerk is directed that this case shall remain open.

IT IS SO ORDERED.

Dated:   **March 12, 2013**            /s/  **Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE

-4-