# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASALA JAMES,<br><br>            Plaintiff,<br><br>     v.<br><br>D. SWEENY, et al.,<br><br>            Defendants. | Case No.  1:12-cv-01704-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 19)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff Masala James is a state prisoner proceeding in pro se and in forma pauperis in this civil rights action filed October 17, 2012 pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim. Before the Court for screening is the First Amended Complaint.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*, at 667-68.

### III. PLAINTIFF'S ALLEGATIONS

While housed at Pleasant Valley State Prison ("PVSP") Plaintiff assisted other inmates with grievances, staff complaints and lawsuits. He also filed a grievance on his own behalf for various alleged deprivations. For this, Defendants Sweeny and Hardin, PVSP correctional officers, retaliated against him. They engaged in racist, disrespectful conduct in attempts to provoke him to violence. They took actions adverse to other inmates and openly blamed Plaintiff, creating a threat of violence by the other inmates against Plaintiff for his having engaged in protected activities.

Pursuant to a pattern and practice of retaliation at PVSP, Defendants Morgan, Foreman, Jimenez and Harton, PVSP appeals coordinators, under the direction of Defendant Brazelton, PVSP Warden, conspired with Defendants Sweeny and Hardin, to screen out and delay Plaintiff's 602 appeal relating to this action. That prevented exhaustion of the appeal.

As further retaliation, Plaintiff was improperly transferred to an out of state correctional facility.

Plaintiff seeks monetary damages and declaratory relief.

### IV. DISCUSSION

#### A. Linkage

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. *Iqbal*, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. *Id.* at 1948.

1  Plaintiff does not allege a reasonable factual basis for his belief that Defendant Warden Brazelton caused or participated in the alleged violations. Plaintiff names Brazelton, but does not attribute to him any act or omission violating Plaintiff's rights.

**B.  Retaliation**

This claim requires: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff maintains Defendants searched the cells of his fellow inmates and confiscated their property, but did not search Plaintiff's cell. This coupled with Defendants' telling inmates to "blame James" and "make him stop" his protected activities led Plaintiff to conclude that Defendants were motivated to so act because he engaged in protected activities. He feared that other inmates might attack him as a result. Such allegations do suggest Defendants were motivated by a retaliatory mindset. However, Defendants undertook no action directly adverse to Plaintiff. Plaintiff's fear that other inmates might be motivated by Defendants' conduct to take action against him is mere speculation about a potential which not only apparently has not been realized, but was never actually threatened and no longer exists since Plaintiff has been transferred to another prison. Finally, no facts alleged suggest that the cell searches and property confiscation were not undertaken in furtherance of institutional purposes.

Plaintiff maintains Defendants engaged in racially charged and provocative conduct in order to incite Plaintiff to violence. However, Plaintiff includes no facts revealing what Defendants did in this regard, why it was retaliatory in nature, and how it was adverse to Plaintiff.

Plaintiff's allegation that he was improperly transferred out of state was the subject of his previously denied motion for injunctive relief (see ECF Nos. 15, 21) and fails for the reasons stated in the Order on that motion. Even if Plaintiff could show his

transfer was improper, he alleges no facts linking the transfer to Defendants and to a retaliatory motivation. See *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009), citing *Rhodes*, 408 F.3d at 568); see also *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989) (a plaintiff must show that his protected conduct was a "substantial" or "motivating" factor behind the defendant's conduct).

The retaliation claim fails.

**C.    Conspiracy**

This claim requires the existence of an agreement or a meeting of the minds to violate plaintiff's constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir.2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff alleges no facts demonstrating an agreement or common objective among Defendants to violate his rights. He alleges on "information and belief" that Defendants conspired in retaliation, pursuant to their pattern and practice. However, he does not state what information he has to support this allegation or why he believes it demonstrates a conspiracy or practice to violate his rights. See *Zemsky v. City of New York*, 821 F.2d 148, 151 (2nd Cir. 1987) (a pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss); *Franklin*, 312 F.3d at 441, quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) ("To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.").

Even if Plaintiff had shown such an agreement, there is no rights violation for the reasons stated. "[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005), quoting *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).

The conspiracy claim fails.

5

### D.   18 U.S.C. §§ 241, 242

The pleading makes reference to violation of rights afforded by 18 U.S.C. §§ 241 and 242. Plaintiff cannot sustain a private civil claim under these criminal statutes. See *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006), citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding 18 U.S.C. §§ 241-242 provide no private right of action and cannot form basis for civil suit).

### E.   State Claims

The pleading makes reference to violation of California Penal Code §§ 182, 187, 245 and 664. Plaintiff does not show individual standing to enforce the state criminal code. Even if standing were assumed, Plaintiff does not allege facts demonstrating a basis for civil claim under these provisions and compliance with state administrative tort claim filing requirements.

The state claims fail.

## V.   CONCLUSIONS AND RECOMMENDATION

The First Amended Complaint does not state a claim for relief under § 1983. The prior screening order instructed Plaintiff on the above deficiencies and requirements for correcting them. Plaintiff's ongoing failure to correct these deficiencies is reasonably construed as a reflection of inability to do so. Leave to amend would be futile and should be denied.

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that the action be DISMISSED WITH PREJUDICE for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 19, 2014                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

7